CONSOLIDATED SERVICES, INC., a Utah Corporation, et al., Plaintiffs and Appellants,

v.

FMA LEASING COMPANY, a Utah Corporation, and Barbara Jensen Interiors, a Utah Corporation, Defendants and Respondents.

No. 14039.

Supreme Court of Utah.

Dec. 19, 1975.

George B. Handy, Ogden, for plaintiffs and appellants.

Robert C. Liljenquist, Piercey, Bradford & Marsden, Salt Lake City, for defendants and respondents.

HENRIOD, Chief Justice:

Appeal from the dismissal of an action brought by Campions, Lessees, involving a furniture lease. Affirmed with no costs.

In October, 1970, Campions purchased furniture from Barbara Jensen Interiors, half the purchase price of which was being financed by defendant Lessor, FMA Leasing. An argument ensued between Campions and Interiors. The former advised FMA not to make payments to Interiors until further notice. Interiors sued Campions for the price, but the latter, nonetheless, paid FMA the commitment fee (the first and last installments) anyway, in accordance with the terms of the lease. Thereafter they also paid five more monthly payments (totalling $4,156.36) while the suit was pending. Interiors obtained a judgment against Campions who, about three years later, in December, 1973, on the ground of unjust enrichment and lack of consideration, sued FMA to recover the payments theretofore made under the contract.

Believable evidence indicated that FMA already had paid a lending bank $1,600.00 interest for the finance money, incurred $900.00 accrued handling charges and may

11. *Pender v. Dowse*, 1 Utah 2d 283, 265 P.2d 644; 50 Am.Jur.2d, Libel and Slander, Sec. 549.

have suffered a potential $10,000.00 loss arising out of breach of the contract, for servicing the lease over a 60-month period, —as basis for a counterclaim.

The trial court found that the Campions breached the existing contract and granted FMA's motion to dismiss, refusing to grant any relief on the counterclaim for failure to pursue and prove any specific damages.

There were other facts before the trial court that need no detail here amply supportive of the judgment,—sufficiently reflected from Campions' own admissions of contractual liability and breach,—irrespective of that adduced by FMA.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.